IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. DAUBERT,<br><br>               Plaintiff,<br>    v.<br><br>CITY OF LINDSAY,<br><br>               Defendant. | 1:09-CV-1270 AWI GSA<br><br>**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. No. 8) |

      This is an Americans with Disabilities Act case brought by Plaintiff Timothy S. Daubert. Plaintiff seeks a temporary restraining order against Defendant City of Lindsay ("the City"). Specifically, Plaintiff requests that this Court issue an order prohibiting the City from having a rodeo at one of its municipal parks because the park is not sufficiently handicap accessible. Although the motion does not expressly state, it appears that the motion is *ex parte*. For the reasons that follow, Plaintiffs' motion will be denied.

### Plaintiff's Contentions

      Plaintiff contends that the City will allow a rodeo to be held at the City's Harvard Park ("the Park") on September 20, 2009. However, the Park is not handicap accessible in that one entrance has a 4" lift that Plaintiff's wheelchair cannot get over and the other entrance has a 6" drop off. Further, the Park has no handicap bathrooms and there are no sidewalk paths to the

picnic tables. Because the Park is not handicap accessible, Plaintiff is unable to go to the rodeo and the City is in violation of the ADA.

## Legal Standard

Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if: (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131. The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). The Ninth Circuit has explained the criteria for issuing a preliminary injunction (and therefore also a temporary restraining order) as follows:

> Under the 'traditional' test, a party must demonstrate: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Global Horizons, Inc. v. United States DOL, 510 F.3d 1054, 1057 (9th Cir. 2007); Earth Island Inst. v. United States Forest Serv., 442 F.3d 1147, 1158 (9th Cir. 2006). "[U]nder either criteria,

where a plaintiff fails to even raise serious questions about its likelihood of success, an injunction may not issue." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007); see also Global Horizons, 510 F.3d at 1058.

## Discussion

A temporary restraining order is not warranted. First, Plaintiff has not shown that notice is unfeasible. Fed. R. Civ. Pro. 65(b); McCord, 452 F.3d at 1130. Although Plaintiff did send an e-mail to the City on September 4, 2009, which said that he would seek an injunction, the e-mail did not state when an injunction would be sought. Plaintiff does not explain why notice cannot be provided. Second, Plaintiff's did not follow/meet the requirements of Local Rule 65-231. Third, Plaintiff has already filed an amended complaint and the subject matter of the temporary restraining order, the rodeo, is not found in the complaint (although the allegations surrounding the deficiencies of the Park are in the complaint). Fourth, Plaintiff has not adequately addressed the probability of success on the merits or irreparable injury, and at this point it would seem that the balance of hardships would weigh decidedly in the City's favor. In other words, Plaintiff has not met his burden. See Global Horizons, 510 F.3d at 1057; Oey, 505 F.3d at 902; Earth Island, 442 F.3d at 1158; Local Rule 65-231. The Court will not issue a restraining order that prevents the rodeo from occurring.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *ex parte* motion for temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:   September 14, 2009**                     /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE

3